IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DUANE HILGER AND BETTY HILGER** ) | |
| ) | |
| Plaintiffs, ) | Case No. 11-CV-1311-CM |
| vs. ) | |
| ) | |
| **BENT TREE PROPERTIES, INC., WCT** ) | |
| **ENERGY, LLC, and WEST INDIES ENERGY** ) | |
| **COMPANY, INC.,** ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER

This matter comes before the Court upon the parties' Stipulated Application for Protective Order (the "Application").

The Court, having been fully advised of the premises of the Application, and finding good cause shown, ORDERS that the Application is GRANTED. The following is the Order of the Court:

1.      The parties are jointly requesting a Protective Order as some of the information to be disclosed in this case will involve the identification of mineral estate ownership involving tens of thousands of acres of land in and around Kingman County, Kansas, as well as the bonus amounts paid by one or more of the Defendants to acquire oil and gas leases in this area.  One or more of the Defendants have incurred substantial expense in the investigation of public records and title work to prepare such ownership lists.  In addition, the amounts paid by an oil and gas lessee to acquire an oil and gas lease is considered to be confidential and proprietary information, akin to trade secrets.  Recent oil and gas discoveries in the Kingman County area have made

11-1311-CM-12.wpd

all this information developed by one or more of the Defendants to be of substantial economic and competitive value, which value would be lost if publicly disclosed. Defendants have requested the Protective Order to prevent the public disclosure of this confidential trade and Plaintiffs have agreed to maintain the confidentiality of the information. The Court finds there is a legitimate purpose for the restrictions imposed herein on disclosure and good cause for entry of a Protective Order.

2. The information covered by this Order shall include all documents, and the contents thereof, produced herein relating to:

    **a.** **Mineral ownership, including ownership reports, research files, the identification and personal information concerning mineral owners, and whether said owners are leased or unleased;**

    **b.** **Amounts paid by Defendants, or any one of them, to acquire oil and gas leases, including the amount of bonus payments; and,**

    **c.** **Title opinions and legal analysis pertaining to mineral estate ownership.**

All the above described information shall be considered confidential (hereinafter the "CONFIDENTIAL INFORMATION"). Such CONFIDENTIAL INFORMATION shall be subject to the provisions of this Order and may only be used by the parties for purposes of preparation for trial and appeal of this action.

3. The restrictions set forth in any of the paragraphs of this Order with respect to the CONFIDENTIAL INFORMATION shall not apply to:

    a. any information which at the time of disclosure to a receiving party is in the public domain;

  b. any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; or

  c. any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information without obligation of confidentiality to the producing party.

4. The producing party shall screen all documents, data and information for confidentiality and privilege before producing them to the receiving party. The production of discovery material not intended to be disclosed by the producing party shall be without prejudice to the producing party, so long as the producing party timely requests the return of such documents in writing and with particularity upon discovery of an inadvertent disclosure.

5. Unless and until the Court rules otherwise, access and disclosure of the CONFIDENTIAL INFORMATION shall be limited to:

  a. The parties, attorneys and legal assistants of each party and members of their staff who may handle the CONFIDENTIAL INFORMATION under normal office procedure.

  b. Present and former officers, employees, and accountants of each party whose advice and consultation are being or will be used by the party in connection with discovery, trial preparation and trial of this action, including any motions made in this action.  Such persons shall not disclose or discuss the CONFIDENTIAL INFORMATION to or with any person other than

counsel identified in subparagraph (a) above or independent experts or consultants as provided in subparagraph (c) below.

c.   Independent experts or consultants to a party, whose advice and consultation are being or will be used by the party in connection with discovery, preparation and/or trial of this action, including any motions made in this action, and their staff.

d.   The Court and Court personnel.

e.   Court reporters and video technicians recording any deposition, hearing or trial in this action.

f.   Nothing herein shall preclude any party from offering any CONFIDENTIAL INFORMATION at any court hearing, deposition or trial relating to this litigation.

6.   The CONFIDENTIAL INFORMATION shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used directly or indirectly for any business or competitive purpose and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

7.   CONFIDENTIAL INFORMATION shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of the information. Nothing herein shall restrict those

persons who are authorized to examine the information from converting or translating such information or materials into machine-readable form for incorporation into a data-retrieval system used in connection with this action, provided that access to the information or material, in whatever form stored or reproduced, shall be limited to those designated herein.

       8.      Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action, and in the course thereof, from referring to or relying upon the CONFIDENTIAL INFORMATION.

       9.      This Order shall be without prejudice to the right of any party to oppose production of any information on any ground permitted by the Federal Rules of Civil Procedure or the Federal Rule of Evidence, other than the presence of the CONFIDENTIAL INFORMATION.

      10.     Any party may apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order. In the event that there is a dispute as to the use of the CONFIDENTIAL INFORMATION, it is the parties' intention that the Court utilize FRCP Rule 26(c), and case law construing that Rule, in deciding what limitations, if any, should be imposed on the disclosure or use of the disputed information.

      11.     The receiving parties must destroy all CONFIDENTIAL INFORMATION at the conclusion of this litigation.  This provision, however, shall not apply to the Court.

IT IS SO ORDERED.

Dated this 5th day of December, 2011.

                                                         s/ James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge

**Approved:**

s/ L. Vance Brown
L. Vance Brown, OBA #10743
Elias, Books, Brown & Nelson, PC
Two Leadership Square
211 N Robinson, Ste 1300
Oklahoma City, OK 73102
(405) 232-3722 Phone
(405) 232-3746 Fax
vbrown@eliasbooks.com
wcraighead@eliasbooks.com

and

Mark G. Ayesh, #10175
Ray E. Simmons, #12296
8100 East 22nd Street North
Building 2300, Suite 2
P.O. Box 781750
Wichita, KS 67278-1750
Telephone:  316-682-7381
E-Mail: mayesh@ayesh.kscoxmail.com
rsimmons@ayesh.kscoxmail.com
*ATTORNEYS FOR DEFENDANTS*
*BENT TREE PROPERTIES, INC.,*
*WCT ENERGY, LLC,*
*WEST INDIES ENERGY COMPANY, INC.*


/s/ Robert R. Eisenhaurer
Robert R. Eisenhauer, #10835
Johnston & Eisenhauer
113 E. Third
P.O. Box 825
Pratt, KS 67124
Telephone:  620-672-5533
E-Mail: je-pratt@scbglobal.net
ATTORNEY FOR PLAINTIFFS
DUANE HILGER AND BETTY HILGER